NATIONAL TUBE CO OF NEW JERSEY v TAX COMMISSION et

Ohio Appeals, 9th Dist, Lorain Co

No '839.    Decided Dec 3, 1937

Squire, Sanders & Dempsey, Cleveland, and Stevens & Stevens, Elyria, for appellee.

Herbert S. Duffy, Atty. Gen., Columbus, Wm. J. Ford, Asst. Atty. Gen., Columbus, and Howard R. Butler, Pros. Atty., Elyria, for appellants.

**OPINION**

By STEVENS, PJ.

Under date of March 30, 1936, the Tax Commission of Ohio, upon appeal, made an order holding that certain equipment of the appellee designated as rolls, welding balls, guide shoes, piercing points and plugs, used by said appellee in the forming of steel products manufactured in its plant at Lorain, were taxable property.

Within the time prescribed by §5611-2, GC, the National Tube Co. filed an appeal to the Common Pleas Court of Lorain County from the final order of the Tax Commission above mentioned.

In the hearing before the Common Pleas Court, a stipulation was entered into between counsel for the respective parties, agreeing upon the value of the several items of property for purposes of taxation for the years in question—namely, 1932, 1933 and 1934. By reason of said stipulation, there remained for consideration by the Common Pleas Court only the question as to whether or not the rolls, welding balls, guide shoes, piercing points and plugs were dies, within the meaning of that term as it is used in §5325, GC.

The Court of Common Pleas reversed the finding and order of the Tax Commission of Ohio and held that the items of property in question were dies, as that term is used in §5325, GC, and that the property in question was not subject to taxation.

Appeal upon questions of law from said judgment brings the cause into this court for review.

Sec 5325, GC, provides in part as follows:

"The term 'personal property' as so used, includes every tangible thing being the subject of ownership, whether animate or inanimate, other than patterns, jigs, dies, drawings, money and motor vehicles registered by the owner thereof, and not forming part of a parcel of real property, as hereinbefore defined * * *."

It will be observed from the wording of the statute above set forth that the term "dies," as therein used, is apparently a generic use of the word.

A "roll" is defined in Webster's New International Dictionary (1923 edition), page 1844, as being:

"2. * * * a cylindrical body set in bearings (usually fixed) and used singly or in pairs or sets to crush or squeeze something, to impress something by squeezing * * *. A cylindrical clod breaker, the steel cylinders between which the metal is passed in a rolling mill, a cylindrical die * * *."

A "die" was defined by the Supreme Court of the United States in Rubber Coated Harness Trimming Company v Welling, 97 U. S. 7, at page 10, as follows:

"A die is a piece of metal on which is cut a device which, by pressure, is to be placed upon some softer body."

It is clearly apparent from the record herein that the personal property which is the subject of this inquiry is devoted to the shaping or forming of plastic material—namely, steel or iron in a plastic state—through the exertion of pressure thereon, and that these several items of personal property, taken singly or together, accomplish the purpose hereinabove set forth.

It seems to us that the conclusion is inescapable that the items of personal property mentioned are dies, within the generic meaning of that term as it is used in the statute; and that therefore said personal property is and was exempt from taxation under the provisions of said statute.

It is urged by counsel for the appellants that such a conclusion will leave the Tax Commission in a position where it will not be able to determine what items of equipment should be included within the category of dies. Our reply to that contention is that, if relief is to be afforded in that connection, the remedy is legislative rather than judicial.

We find no error in the judgment of the trial court, and the judgment of that court is therefore affirmed.

WASHBURN and DOYLE, JJ, concur.